Curia, per
Evans, J.
I understand the demurrer was not overruled in this case because the defendant’s plea was a bar but because the fact alleged was no breach of the covenant, that the land was free from all incumbrances. This renders it necessary to consider whether the lease to Harllee and Dargan was a breach of this covenant in the deed, and if that be conceded in the affirmative, then whether the plea of notice is a sufficient answer in law to the plaintiff’s declaration. The question to be decided, is reduced to this proposition, whether a prior lease, made by the grantor, Scarborough, and not noticed in his deed to Grice, is an incumbrance within the legal meaning of that term. The usual form of conveying land in this State, is that prescribed by the Act of 1795, which partakes very much of the conciseness and simplicity of the ancient deed of Feoffment, as set out in the appendix to 2d Bla. Com. The deed from Scarborongh to Grice contains not only a warranty similar to the one in our statutory deed, but also some of the covenants which, in modern English conveyances, have supplanted the ancient warranty in deeds of feofment. In looking into English books on conveyances, it will be found that they contain five distinct covenants. 1st That the grantor is lawfully seized. 2d That he has a legal right to convey. 3d That the grantee shall quietly enjoy. 4th That he shall enjoy it free from incumbrances, and 5th The covenant for further assurance, as it is usual *652 ly called. The deed in this, contains the two first of these covenants ; and the further one, that the land is free from all incumbrances. From the precedents which I find in Powell on Conveyances, and other English books on the same subject, it would seem this covenant is not usually inserted in conveyances, but that another is used, which has not exactly the same meaning, viz: — the 4th covenant mentioned aboye, that the grantee shall enjoy free from incumbrances; 5 Powell on Conveyances. Why this last-mentioned covenant is preferred, and whether the covenant against all incumbrances may not be identical with that of seizen, and also whether the breach in this case might not havp be.en assigned under the warranty, or some other covenant in the deed, I do not think it necessary to enquire. That might lead to an unprofitable discussion, and a useless consumption of time. It will be sufficient for the decision of this case, to shew that an existing lease is an incumbrance on the land. The word incumbrance, in a popular sense means, a clog, load, hindrance, impediment, weight, Its legal signification, it is, perhaps, more difficult to define. In some of the Paw Dictionaries, it is said to be a lien. In the case of Prescot vs. Trueman, 4 Mass. Rep. 627, Chief Justice Parsons says, “a paramount right which may wholly defeat the plaintiff’s title, is an incumbrance j it is a weight upon the land which may lessen its value.” In that case, the defendant conveyed land to the plaintiff, in which he covenanted that the land was free from incumbrances. It appeared that Trueman derived his title from one Symmes, who, before his conveyance to True-man, had conveyed the same land to one Russell, to whose heirs at law it then belonged. The question was, whether the defendant was liable on his covenant against incumbrances. Per Parsons, C. J. “No authority in point has been cited on either side, and the question must be decided on general principles. On these principles, we are of opinion that every right to, or interest in, the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance, must be deemed an incumbrance. Thus, a right to an easement of any kind is an incumbrance; so also, is a claim of dower, which may partially defeat the *653 plaintiff’s title, by taking a freehold of one-third out of it; and for the same reason, a paramount right which may wholly defeat the plaintiff’s title, is an incumbrance. It is a weight on his land which must lessen its value.” The covenant inserted in English conveyances, as appears from Platt on Conveyances, 330, Law Lib. vol. 3, p. 146, and from Powell on Conveyances, 5 vol. 22, is that the grantee shall be saved harmless, “from and against all and all manner of former gifts, grants, feoffments, leases, mortgages, bargains, sales, jointure, dower, &c. and all incumbrances whatsoever.” This covenant is not precisely the same as used in the deed from Scarborough to Grice, but it shews that leases are enumerated with mortgages, dower and judgments, which, according to all the cases, are incumbrances on the land. In England, land is mostly under lease. Purchases are made with reference to the rent roll. Searches are made, to know if incumbrances exist. Abstracts of title are exhibited, and all the rights of the reversioner to the rent passes to the assignee or purchaser under the Stat. 32 Henry 8; and hence, questions like the present are not likely to occur in that country. And hence, no direct authority is to be found in the English law books. It is said, in a note to Powell on Conveyances, 5 vol. p. 24, “leases outstanding at rack rent, are not incumbrances on large estates, because the income principally depends on occupiers. Contra of a small estate, where there is but one tenant; there,possession may be the main object.” It will be found, also, on reference to the forms of conveyances in Powell, 5 vol. 24, 68, that in the clause against incumbrances, there are exceptions of what the grantee does not intend to covenant against, It seems to me, that these authorities fully establish that an outstanding lease is an incumbrance on the land, and that the breach in this declaration is well assigned. It may be objected to the plaintiff’s action, that as he acquired a title to the rent reserved on the lease, which passed to him by the deed, he cannot maintain his action, as he has had the benefit of the incumbrance. It may be, that • under our decisions, in Moore vs. Turpin and others, 1 Speers, 32, Grice may have been entitled to the rent, although the stat. 32 H. 8, has never been made of force. Yet it does *654 not appear but that rent was paid in advance, or that it was adequate to the injury which the plaintiff sustained. These and other questions may arise on the trial of the question of damages, but they cannot be decided on a general demurrer.
On the question of the insufficiency of the defendant7» plea, I think there can be no doubt. The contract is in writing. Parol evidence cannot be received to explain what the parties intended, or to add or subtract any thing from it. It would be to make a new contract, where the grantee covenants against all incumbrances, to shew by parol that he did not warrant against a particular incumbrance. And that, I suppose, is the inference to be drawn from the alleged notice. The very object of the covenant may have been to compel the seller to extinguish the incumbrance, that the purchaser might have the full possession and enjoyment of the premises. I am, therefore, of opinion, the breach is well assigned in the declaration} that the defendant’s plea is no bar, and that the demurrer should have been sustained. The motion is granted.
Richardson, O’Neall, Butler, Wardlaw, and Frost, JJ. concurred.